# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Dallas Hankins,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-245**    (JCN: 2021013918)
(ICA No. 24-ICA-293)

**Sprouting Farms Corp.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Dallas Hankins appeals the February 28, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Hankins v. Sprouting Farms Corp.,* No. 24-ICA-293, 2025 WL 658327 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision). Respondent Sprouting Farms Corp. filed a response.[1] The issue on appeal is whether the ICA erred in affirming the June 18, 2024, order of the Workers' Compensation Board of Review, which affirmed the claim administrator's order, dated March 15, 2023, denying a request for a posterior interbody fusion at L5-S1, surgeon and assistant surgeon fees, pre-admission testing, a postoperative visit, and antibiotics.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's decision because a preponderance of the evidence established the requested treatment was medically related and reasonably necessary to treat the compensable injury. The claimant contends that the medical evidence in the record provides that his symptoms began with the compensable injury. As a result, Robert Crow, M.D., opined that the fusion was reasonable to treat the injury and the symptoms that directly stemmed from the compensable injury. The claimant asserts that there is no evidence that his symptoms began until after the compensable injury, and the ICA should have reversed the Board of Review's decision. The employer counters by arguing that the claimant has suffered from radicular complaints for years, and he suffers from chronic and degenerative conditions. Although surgery was recommended, the employer argues Dr. Crow's notes indicate that the surgery was more likely requested to treat the claimant's degenerative spondylolisthesis. Therefore, the employer asserts that the ICA and Board of Review correctly determined that the claimant's request for lumbar surgery is not medically necessary nor reasonably required to treat the compensable condition in the claim.

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Jeffrey B. Brannon.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 16, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison